

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMARI COMPANY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 07 C 1425 |
| ) | |
| v. ) | Judge Elaine E. Bucklo |
| ) | |
| JOHN BURGESS, et al., ) | Magistrate Judge |
| ) | Martin C. Ashman |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on four of Defendants' Motions: (1) Defendants' Motion to Enforce Court-Ordered Deposition Notices Against Plaintiff John Cardullo & Sons and for Sanctions (Dockt. 418); (2) Defendants' Emergency Motion to Enforce Deposition Notices Against Plaintiff Trinks Brothers, LLC, and for Sanctions (Dockt. 432); (3) Defendants' Motion for Sanctions Against Plaintiff Kyle's Discount Stuff for Refusal to Produce Deponent (Dockt. 453); and (4) Defendants' Motion for Sanctions Against Plaintiff John Cardullo & Sons, Inc., for Refusal to Produce Deponents in Violation of Court Orders (Dockt. 455). This Court rules on these Motions under Judge Elaine Bucklo's referral of this case for discovery supervision pursuant to Local Rule 72.1. The Court dismisses, without prejudice, all of Defendants' motions on the ground of mootness (Dockt. 418, 432, 453, 455).

Plaintiffs and Defendants in this case have constantly fought over depositions. To partially resolve these disputes, this Court previously ordered Plaintiffs to produce specified deponents on certain dates. Subsequent to that Order and several depositions, Judge Bucklo, on March 17, 2009, entered an order vacating the deposition schedule imposed by this Court. Judge

Bucklo's Order stated, in relevant part: "[a]t any rate, going forward, there is no point in any depositions until defendants agree that they have the documents and answers to interrogatories sought, and not objected to. . . . Going forward, the parties need to agree on, or Judge Ashman needs to impose, a reasonable, definite schedule of depositions once written discovery is complete."

The Court finds that Judge Bucklo's March 17, 2009, Order rendered all of Defendants' motions moot. The Order required a completely new deposition schedule *after* written discovery has been completed. The previous depositions, she ordered, should not proceed until Defendants agree that they have all of the information they need or until ordered by this Court. This mooted the Court's previous Orders relating to depositions. Therefore, the Court dismisses all of Defendants' motions (Dockt. 418, 432, 453, 455) without prejudice.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 30, 2009.