

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMARI COMPANY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 07 C 1425 |
| ) | |
| v. ) | Judge Elaine E. Bucklo |
| ) | |
| JOHN BURGESS, et al., ) | Magistrate Judge |
| ) | Martin C. Ashman |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Confirm All Matters in Defendants' First and Second Sets of Requests for Admissions to Plaintiffs Conclusively Established (Dockt. 463). At issue are Defendants' first and second sets of requests for admission served upon Plaintiffs. This Court rules on these motions under Judge Elaine Bucklo's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, the Court grants Defendants' motion.

On May 23, 2008, Defendants began serving upon Plaintiffs requests for admissions. Defendants maintain that "[a]s of October 14, 2008, [it had served] each Plaintiff . . . with Defendants' first set of requests for admissions[] and nine Plaintiffs . . .with Defendants' second set of requests for admissions." (Defs.' Mot. 1.) Plaintiffs have requested and received six extensions of time to respond to these requests for admission. The Court granted a final extension on January 26, 2009, giving Plaintiffs until February 21, 2009, to answer the requests. In so doing, the Court explained to Plaintiffs that, after this date, it would not, under any circumstances, grant a further extension.

Plaintiffs did not tender the responses on or before February 21, 2009–in fact, they still have not done so. Defendants brought the current motion on February 26, 2009. Plaintiffs do not contest that they failed to comply with the Court's final January 26, 2009, Order. Instead, they repeatedly whine about the amount of time it would take to comply with this Order, arguing that Defendants' requests are "duplicative of the thousands of contention interrogatories served earlier in the case." (Pls.' Resp. to Defs.' Mot. 1-2.)

These requests are not duplicative. The interrogatories propounded on Plaintiffs by Defendants ask, among other things, for Plaintiffs to identify certain individuals who communicated with Defendants and the amount of losses that they incurred. Most of these requests to admit, by contrast, request Plaintiffs to admit the genuineness of documents. (Defs.' Reply, Ex. D.) Others seek to ensure accuracy of statements or signatures. (*Id.*) For example, one request seeks the admission that the signature on a letter belongs to a particular individual. (*Id.* at Request 1.) Another requests Plaintiffs to admit that a writing states a particular phrase. (*Id.* at Request 7.) Answering these requests should not require much time or effort.

Some of these requests do seek answers that probably will overlap with various interrogatory answers.[1] (*See id.* at Request 45-61.) That, however, does not justify Plaintiffs'

---

[1] The requests that overlap with the interrogatories concern allegedly false statements made by Defendants. Interrogatory No. 4 asks Plaintiffs to "[s]tate in detail (including the time, place, location, manner, identity of each individual involved and content of) each false statement or false promise [each plaintiff] claims was made to it by any of IPA Companies' employees or agents." While the answer to this interrogatory may overlap with a request to admit that an individual did or did not make allegedly false statements, it also will provide many more details. Defendants are certainly entitled to ask about these details and to have those questions answered. The fact that some overlap may occur is not a good reason to prohibit Defendants from discovery to which they are entitled. Furthermore, the Court notes that Plaintiffs' response to Interrogatory No. 4–which merely refers to its answer to Interrogatory No. 5–is insufficient. Thus, it has

(continued...)

failure to answer these requests to admit. There is, of course, no guarantee that all of the answers to the requests to admit also will appear in the interrogatory answers. Furthermore, even if they do, they may be ambiguously stated or appear in a context that makes their admission questionable. Defendants are entitled to propound requests to admit and Plaintiffs have cited no authority denying them this right. FED. R. CIV. P. 36(a)(1) ("Rule 36") ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents"). For these reasons, the Court rejects Plaintiffs' argument.

Additionally, the answers to these requests to admit may limit the necessary discovery in this case, a topic over which the parties have been fighting for more than two years. These answers also may streamline the trial of the case if it ever occurs. Contrary to Plaintiffs' suggestion that such answers would "further multiply the proceedings" (Pls.' Resp. to Defs.' Mot. 3), these requests may actually facilitate them. Furthermore, it is the Plaintiffs, not the Defendants, who *already* have "multiplied the proceedings" by filing numerous extensions of time instead of answering the requests to admit.

Plaintiffs also desire to defer this matter's consideration until after a discussion at a discovery conference held under FED. R. CIV. P. 26(f) ("Rule 26(f)"). (Pls.' Resp. to Defs.'

---

[1](...continued)
answered neither the Interrogatory nor the requests to admit. Plaintiffs cannot fail to answer both by claiming that its answers to one may be duplicative of its answers to the other.

Mot. 4.) That is unnecessary. These matters already have been adequately discussed and were the subject of numerous other motions. While the Federal Rules of Civil Procedure do govern this situation, they work to the detriment, not the benefit, of Plaintiffs: Rule 36, not Rule 26(f), operates here. Rule 36 provides that a party may serve written requests to admit, FED. R. CIV. P. 36(a)(1), and prescribes the time period in which a party must respond to these requests to avoid them being deemed admitted:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

FED. R. CIV. P. 36(a)(3). Thus, if a party does not respond to the request for admission within thirty days or by the date the court orders, the matter requested is deemed admitted. *Id.*

Applying this rule to the facts before the Court is simple. Plaintiffs repeatedly missed deadlines imposed by the Court. Indeed, they failed to provide *any* answers. The final deadline, February 21, 2009, has passed without Plaintiffs answering the requests to admit. Because the Plaintiffs failed to comply with this Court's January 26, 2009, Order, they violated Rule 36. Therefore, their failure to respond to Defendants' requests are deemed admissions.

This Court being fully advised and having heard arguments from all parties, orders as follows:

1. The Court grants Defendants' motion (Dockt. 463).

2. All matters contained in Defendants' first and second sets of requests for admissions are deemed admitted.

**ENTER ORDER:**

_[signature]_
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 30, 2009.