

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMARI COMPANY, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07 C 1425 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| JOHN BURGESS, et al., | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Relief for Misconduct Engaged in by Plaintiffs' Counsel During Court-Ordered Deposition (Dockt. 472). This Court rules on these Motions under Judge Elaine Bucklo's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, the Court grants Defendants' motion.

### I. Background

Plaintiffs and Defendants in this case have constantly fought over depositions. To partially resolve these disputes, this Court previously ordered Plaintiffs to produce specified deponents on certain dates. Later, Plaintiffs produced Pasquale Paul Cardullo ("Mr. Cardullo") for a deposition on February 16, 2009, and February 17, 2009. Both counsels for Plaintiffs–Michael Needle ("Mr. Needle") and Stephen Kehoe ("Mr. Kehoe")–attended the deposition. Likewise, Myron Cherry ("Mr. Cherry") and Jacie Zolna ("Mr. Zolna"), counsels for

Defendants, attended the deposition. Defendants' filed the motion currently before the Court on February 26, 2009.

## II. Discussion

Defendants' motion contends that Plaintiffs' counsel, Mr. Needle, engaged in misconduct during Mr. Cardullo's deposition on February 16, 2009, and February 17, 2009. Defendants argue that Mr. Needle improperly instructed the deponent not to answer; improperly made speaking objections and coached the deponent; improperly disrupted the deposition and made frivolous objections; and improperly engaged in name-calling. (Pls.' Mot. 2, 5, 8, 10.)

Fed. R. Civ. P. 30(c)(2) ("Rule 30(c)(2)") articulates when, and the manner in which, a party may make objections during a deposition:

> An objection at the time of the examination — whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition — must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

FED. R. CIV. P. 30(c)(2). The gist of this rule is simple: unless the attorney claims the question calls for privileged information, the attorney must only state his objection and allow the client to answer. *Eggleson v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 902 (7th Cir. 1981). Apparently Mr. Needle is unfamiliar with Rule 30(c)(2), which requires objections to be stated "concisely in a *nonargumentative and nonsuggestive manner.*" FED. R. CIV. P. 30(c)(2)

(emphasis added). At numerous times during the deposition, Mr. Needle made argumentative and suggestive objections in response to Mr. Cherry questions:

> Q: And then your gross sales went up to 629,694 and 680,691 respectively in 2006 and 2007. Do you see that?
>
> A: Yes.
>
> Q: So your sales and gross profit have been on an increase since you met IPA.
>
> MR. NEEDLE: No.
>
> A: No.
>
> MR. NEEDLE: Your own chart shows otherwise, Mr. Cherry.

(Pls.' Mot., Ex. A, Cardullo Dep. 36:11-19, Feb. 16, 2009.) Plaintiffs do not state how Mr. Needle's objections fall within the bounds of Rule 30. Instead, they claim that "Mr. Cherry was attempting to hector [Mr.] Cardullo into admitting a false fact." (Pls.' Resp. in Opp'n to Defs.' Dep. Mots. ("Pls.' Resp.") 14.) That does not justify Mr. Needle's violation of Rule 30.

The impropriety continues later in the deposition:

> Q: I'm not talking about cancelling. I'm talking about what Exhibit 10 and Exhibit 17 were. And I'm asking you is Exhibit 17 a tax plan, yes or no?
>
> MR. NEEDLE: Or I don't know.
>
> A. I don't know. Technically, yes. I'm not a CPA and I'm not a lawyer. Taxes –

(Pls.' Mot., Ex. A, Cardullo Dep. 232:10-15, Feb. 17, 2009.) Plaintiffs assert that Mr. Needle made a "[p]roper objection to Mr. Cherry's insistence that the witness answer a question yes or no when [']I don't know['] was an equally plausible answer." (Pls.' Resp. 15.) That is far from a

- 3 -

winning argument. The impropriety of Mr. Needle's objection–making a suggestive objection–cannot be overcome by stating that his suggestion was "plausible."

The improper objections continue:

> Q: Do you know why [tax binders from ITA] weren't produced pursuant to the request for production of documents in this case?
>
> A: Again, I'm not a lawyer.
>
> Q: I asked you if you knew why.
>
> A: I don't have to.
>
> MR. NEEDLE: You don't know why, right?
>
> THE WITNESS: I don't know why.
>
> MR. NEEDLE: Thank you.
>
> Q: You don't know why they weren't turned over?
>
> MR. NEEDLE: He just said that.

(Cardullo Dep. 276:10-20, Feb. 17, 2009.) Plaintiffs do not address these objections, most likely because they are patently improper.

Mr. Needle makes further improper objections. In regards to a form about which a question arose, Mr. Cherry asked Mr. Cardullo the following question: "I think that your mother and your other two brothers signed it as well?" (Cardullo Dep. 100:12-13, Feb. 16, 2009.) Mr. Needle interjected, "Wrong, Mr. Cherry." (Cardullo Dep. 100:14.) This exchange repeated itself, but this time Mr. Needle went further in his improper conduct: "Wrong, Mr. Cherry. Wrong. And you know it's wrong. It is an outrageous assertion, unknowingly [*sic*] false assertion by Myron Cherry to this witness and it's inexcusable." (Cardullo Dep. 100:18-21.) After

Mr. Cardullo gave a vague answer, Mr. Cherry asked Mr. Cardullo if he "kn[e]w whether or not you, your mother and your two brothers signed the document[.]" (Cardullo Dep. 102: 1-2.) Mr. Needle then stated, "You know they didn't." (Cardullo Dep. 102:3.) Plaintiffs merely claim that a "[p]roper objection was made to Mr. Cherry['s] insinuation that all four Cardullo's had signed the Form 44 agreement for a survey[] even though the copies produced by IPA and by Cardullo, as well as other IPA documents, show this is not so." Claiming an objection was proper does not make it so. Nowhere is that truer than here: Mr. Needle's objection clearly violated Rule 30.

There are other examples of argumentative or suggestive speaking objections, but the Court will not waste more time stating them here. Beyond these types of improper objections, others abound. The transcript shows that Mr. Needle failed to observe the portion of Rule 30(c)(2) that allows an attorney to instruct the deponent not to answer "*only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2) (emphasis added). Mr. Needle made no objections to preserve a privilege, to enforce a court order, or to present a motion under Rule 30(d)(3). He did, however, instruct the deponent, on numerous occasions, not to answer on grounds unsupported by Rule 30(c)(2):

> Q: Therefore it's understood and agreed that there's no express or implied warranty[,] or [that] any general or specific result shall apply to the work under this agreement, do you see that?
>
> A: Yes.
>
> Q: And in effect you agree with me that you understood that to mean since the advice that I give you -- assuming IPA -- will have to be implemented by you[,] and that depends upon your willingness and your aptitude, I can't guarantee any specific result?

> MR. NEEDLE: Objection. Don't answer that. Don't agree with Mr. Cherry on that.
>
> Q: You knew – you knew that when you signed it, didn't you?
>
> MR. NEEDLE: Instruct you not to answer. None of this "do you agree with me"--
>
> A: I go with Mr. Needle.
>
> Q: You refuse to answer that question?
>
> A: Yes.
>
> MR. NEEDLE: Yes, he refuses to answer it.

(Cardullo Dep. 156:8-157:2, Feb. 16, 2009.) Again, Plaintiffs proffer an invalid excuse for this objection. They assert that "[t]his was a proper instruction not to engage in an argument with Mr. Cherry over the meaning of a contractual clause. Mr. Cherry was not questioning the witness at all." (Pls.' Resp. 15.) As Rule 30 makes clear, an attorney can instruct a deponent not to answer only when the question calls for privileged information, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Mr. Needle did not claim, nor did Plaintiffs argue in their brief, that this question called for privileged information or otherwise fell under Rule 30's umbrella. Therefore, this objection is improper.

There is at least one other example of this improper conduct:

> Q: And is that the amount that you claim for damage in this case
>
> A: No.
>
> Q: What is the amount?
>
> A: Well, how about the lost revenue, how about all --
>
> Q: Just tell me what the --

- 6 -

A: I don't know the exact figure. I'm not a CPA.

MR. NEEDLE: Mr. Cardullo --

Q: You do not know the exact figure?

MR. NEEDLE: Mr. Card -- excuse me, Mr. Cherry.

MR. CHERRY: He's answered the question.

MR. NEEDLE: Mr. Cherry, excuse me, please. Mr. Cardullo, I'm instructing you not to answer. And the reason is this.

MR. CHERRY: No, no. I -- I don't --

MR. NEEDLE: Excuse me, Mr. Cherry.

MR. CHERRY: You're not allowed --

MR. NEEDLE: Excuse me. I'm allowed to do whatever I want.

MR. CHERRY: Well, that's clear you believe that.

MR. NEEDLE: And so do you. Mr. Cardullo, you were ordered to supply that information in great detail in interrogatory answers and so you have. Mr. Cherry has that information. So I'm instructing you not to answer the question. Move on, Mr. Cherry.

Q: So you will not answer the question --

MR. NEEDLE: He will not, Mr. Cherry. I told him not to do it. Move on.

A: I agree with Counsel.

Q: I understand. I just want to get clear the question.

MR. NEEDLE: It is clear. Move on, sir, if you can.

Q: You will not answer any question concerning damages, is that correct?

A. I'm going with Counsel's reply.

- 7 -

> MR. NEEDLE: The question you asked, Mr. Cherry, has been answered in excruciating detail in an interrogatory answer per your insistence. Let's not play games.

(Cardullo Dep. 346:17-348:1, Feb. 17, 2009.) Plaintiffs contend that this objection was proper because Mr. Needle did not prevent "Mr. Cherry . . . from asking follow-up questions." (Pls.' Resp. 16.) That argument wholly misconceives the purpose and requirements of Rule 30. Improper objections, in and of themselves, are violations of Rule 30, regardless of whether they are made as to some or all of the questions, or whether they impair an attorney's ability to ask follow-up questions. Plaintiffs do not contend that this question called for privileged information or otherwise fell under Rule 30; therefore, Mr. Needle violated Rule 30.

These violations of Rule 30 are inexcusable. Mr. Needle does not even traverse Rule 30's borders; he blithely lunges across its bounds again and again. Therefore, this Court finds that Mr. Needle engaged in improper conduct during the deposition of Mr. Cardullo.

Unconvincing are Plaintiffs' further arguments that granting the motion allows a "latter-day Spanish Inquisition in which Mr. Cherry is free to hector, harass, and harangue witnesses into false confessions while opposing counsel sits by mute." (Pls.' Resp. 1.) Plaintiffs also contend that Mr. Cherry "attempted to hector Cardullo into admitting demonstrably false statements" instead of "questioning [Mr. Cardullo] based on" the "very detailed" interrogatory answers supplied by Plaintiffs. (Pls.' Resp. 13.)

The Court rejects all of these arguments. First, the transcript does not reflect that Defendants' counsel attempted to harass Mr. Cardullo. As this Court already has explained, Mr. Needle thwarted many of Mr. Cherry's questions by violating Rule 30. Mr. Cherry asked legitimate questions, and, although he was entitled to orally test answers given in response to

written interrogatories, he was not required by any rule or law to do so. Indeed, nothing required him to ask questions related solely or even partially to the interrogatory answers submitted. Additionally, as another Order of this Court will make clear, most of the interrogatory answers submitted by Plaintiffs are insufficient. Plaintiffs cannot expect Mr. Cherry, and he is not required, to ask questions about interrogatories that are incomplete or insufficient. Therefore, the Court finds Mr. Needle violated Rule 30 by making improper objections.

### III. Conclusion

The Court grants Defendants' Motion for Relief for Misconduct Engaged in by Plaintiffs' Counsel During Court-Ordered Deposition (Dockt 472). As a result, the Court orders the following with respect to Plaintiffs:

1. Mr. Needle or any other counsel for Plaintiffs shall not engage in conduct, during any deposition, such as the kind exhibited by Mr. Needle during Mr. Cardullo's deposition. This includes making speeches, making speaking objections, providing answers to the deponent, and instructing the deponent not to answer without having a basis for doing so grounded in FED. R. CIV. P. 30.

2. Plaintiffs' counsels shall strictly comply with FED. R. CIV. P. 30.

3. The Court orders Plaintiffs to produce Mr. Cardullo for a deposition at a time and place to be determined by the Court, or agreed to by the parties, after written discovery is complete.

4. This Court sanctions Mr. Needle in an amount to be determined as follows: once the Court imposes, or the parties agree upon, a deposition schedule and this deposition re-occurs,

Mr. Needle shall pay all costs and attorneys' fees incurred by Defendants with respect to the new deposition, which Mr. Needle caused unnecessarily as stated in this Order. Defendants shall submit their petition for costs and fees associated with this deposition within fourteen days after the deposition takes place.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 30, 2009.