# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AMARI COMPANY, INC., et al.,     )
        )
       Plaintiffs,     )    Case No. 07 C 1425
        )
       v.       )    Judge Elaine E. Bucklo
        )
JOHN BURGESS, et al.,     )    Magistrate Judge
        )      Martin C. Ashman
       Defendants.     )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on four of Defendants' motions: (1) Defendants' Motion to Strike the Interrogatories and False Verification Submitted by Plaintiff John Cardullo & Sons, Inc. (Dockt. 469); (2) Defendants' Motion to Compel and For Sanctions Against Plaintiffs for Submitting Insufficient Interrogatory Responses (Dockt. 410); (3) Defendants' Motion for Sanctions Against Plaintiffs for Failure to Answer Interrogatories in Violation of Court Orders (Dockt. 446); and (4) Defendants' Motion for Sanctions Against Plaintiffs for Violation of the Court's November 19, 2008, Order (Dockt. 355, 376). Also before the Court is Defendants' Fee Petition in Connection With the Court's February 13, 2009, Order (Dockt. 475). This Court rules on these motions and the fee petition under Judge Elaine Bucklo's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, the Court denies Defendants' first motion (Dockt. 469); grants in part and denies in part Defendants' second motion (Dockt. 410); denies Defendants' third motion (Dockt. 446); and grants Defendants' final motion (Dockt. 355/376). The Court also grants Defendants' fee petition (Dockt. 475).

## I. **Background**

All of the motions currently before this Court concern interrogatories and requests for documents Defendants propounded on Plaintiffs in January 2008. Specifically, at issue are seven Plaintiffs' answers to Defendant John Burgess' interrogatories numbered 1-2, 4-11, 13-15, and 17.[1] On March 10, 2008, the Court ordered Plaintiffs previous counsel, Robert Reda ("Mr. Reda"), to answer these and other interrogatories by May 5, 2008. After a series of motions, including a motion by Defendants seeking to compel discovery from Plaintiffs, this Court, on April 18, 2008, again ordered Plaintiffs to, *inter alia*, answer specific interrogatories and produce the requested documents without objection by May 5, 2008. On May 2, 2008, Mr. Reda filed a motion to extend time until May 30, 2008, to answer the interrogatories.

On May 13, 2008, this Court granted Plaintiffs' motion to extend time, but provided that "[a]ll of the orders are to be fully complied with and all of the written discovery propounded by the defendants are to be fully responded to by [June 6, 2008]." On June 6, 2008, Plaintiffs delivered to Defendants their answers. Because Defendants felt these answers were incomplete, they filed, on June 9, 2008, a motion for sanctions and to enforce the Court's May 13, 2008, Order.

On June 11, 2008, this Court granted Defendants' June 9, 2008, motion. On June 12, 2008, Defendants again filed a motion for sanctions because of Plaintiffs' continual violation of

---

[1] The seven Plaintiffs involved here are the following: CompSolutions-VA, Inc. ("CompSolutions"), Gigs, Inc. ("Gigs"), Integrated Sign and Graphic, Inc. ("Integrated"), JRP Construction, LLC ("JRP"), John Cardullo & Sons, Inc. ("Cardullo"), Gilbert-American Companies ("Gilbert"), and Handley Heat & Air ("Handley").

the Court's April 18, 2008, Order. The Court granted that motion on June 17, 2008. The next day, on June 18, 2008, Defendants filed another motion for sanctions and to enforce the Court's discovery order against Plaintiff Amari Company.

A few months later, Mr. Reda withdrew and Plaintiffs' present counsels–Stephen Kehoe ("Mr. Kehoe") and Michael Needle ("Mr. Needle")–filed their appearances on October 10, 2008. Since entering the case, Mr. Kehoe has admitted that Mr. Reda's initial answers to Defendants' interrogatories "were inadequate," "full of errors," "incorrect," "somewhat incomplete," and "often flat out wrong." (Defs.' Mot. for Sanctions for Failure to Answer Interrogatories 1, Ex. B-H.)

Between June and November, after several continuances, Plaintiffs failed to fully comply with the Court's repeated orders to answer interrogatories. As a result, Defendants filed a motion seeking to compel Plaintiffs, other than Amari Company, to answer interrogatories on November 7, 2008. Because of Plaintiffs' failure to comply with its order, the Court granted Defendants' June 18, 2008, motion on November 14, 2008. This order required Plaintiffs to "provide amended answers in compliance with the Court's April 18, 2008[,] Order to . . . [certain] interrogatories on or before December 31, 2008[.]" (Doc. 308). The Court then granted in part Defendants' November 7, 2008, motion on November 19, 2008, again ordering Plaintiffs' counsel to "provide complete answers to the . . . interrogatories [listed in the Court's Order], without asserting objections, on or before December 31, 2008[.]"

Sometime prior to December 31, 2008, Plaintiffs produced at least some financial records. On December 31, 2008, Mr. Kehoe filed a Motion for Extension of Time to Submit

Superceding Answers to Defendants' First Set of Interrogatories, which requested "an extension of seven (7) business days," until January 12, 2009, to comply with the Court's November 19, 2008, Order. Defendant filed its current Motion for Sanctions Against Plaintiffs for Violation of the Court's November 19, 2008, Order on January 9, 2009. Then, on January 12, 2009, before this Court ruled on Defendants' motion, Mr. Kehoe again requested an extension of time, urging this Court to give Plaintiffs until January 19, 2009, "an additional five (5) business days," to answer the interrogatories. On January 13, 2009, this Court granted Mr. Kehoe's request–and then some, giving Plaintiffs until January 20, 2009, to submit their answers to Defendants' interrogatories.

But the parade of motions for extension of time did not end there. On January 20, 2009, Mr. Kehoe filed another motion for extension of time to answer the interrogatories. This time, Mr. Kehoe requested ten days, until January 30, 2009, to provide answers. On January 21, 2009, Mr. Kehoe submitted to Defendants the following Plaintiffs' answers to John Burgess' interrogatories, which are at issue in this Opinion: CompSolutions, Gigs, Integrated, and JRP.

Then, on January 26, 2009, this Court again granted Mr. Kehoe's request for an extension of time, giving Plaintiffs until January 30, 2009, to provide answers to Defendants' interrogatories. The flurry of motions for extension of time did not stop on the ordered date. In keeping with tradition, Mr. Kehoe filed another motion for extension of time on January 30, 2009, requesting until February 4, 2009, to answer the interrogatories. Mr. Kehoe noticed the motion for February 3, 2009, one day before the requested extension would end. When the Court heard the motion on February 3, 2009, it generously granted the extension of time until

- 4 -

February 4, 2009. The Court noted in open court that the case had been dragging on because Mr. Kehoe had repeatedly asked for extensions.

The next day, February 4, 2009, Mr. Kehoe requested an extension of time until February 9, 2009. Late in the evening that same day, Mr. Kehoe submitted "corrected" answers to the interrogatories at issue for the following Plaintiffs: Cardullo, Gilbert, and Handley. Then on February 8, 2009, Plaintiffs filed another request for an extension of time until February 19, 2009. This Court heard these motions on February 10, 2009. The Court told Mr. Kehoe that it could not trust his representations because he had never, in the past, responded on time. Mr. Kehoe even acknowledged that he needed ten days to answer the interrogatories, but then pleaded with the Court for just one more day. Although the Court denied the motion, it acquiesced on Plaintiffs' representation that some progress could be made by the next day, giving Plaintiffs one day, until February 11, 2009, at 5:00 p.m. central daylight time ("CDT"), to answer the interrogatories. The Court noted that this was a final order–and that it would not grant any extension thereafter.

Despite this order, Mr. Kehoe filed a motion for another extension of time on February 11, 2009, noticing it for a date on which Mr. Kehoe knew the Court would be unavailable–perhaps hoping that the Duty Magistrate Judge would grant what this Court would not. This motion requested an extension until February 18, 2009, a date one day shy of a previous request the Court had denied. In spite of this, the Court heard and granted this motion on February 13, 2009, giving Plaintiffs until February 18, 2009, at 5:00 p.m. CDT, to answer the interrogatories.

At the February 13, 2009, hearing, the Court also admonished Plaintiffs' counsel for failing to answer the interrogatory responses and requesting extensions to answer. Additionally, the Court imposed monetary sanctions on Plaintiffs for causing these delays: the Court granted Defendants' counsel leave to file a petition for attorneys' fees incurred in preparing and presenting motions and responses with regard to the timing of Plaintiffs' answers to interrogatories, or with regard to Plaintiffs' requests for extension of time to answer the interrogatories.

## II. Discussion

### A. Defendants' Motion to Strike the Interrogatories and False Verification Submitted by Plaintiff John Cardullo & Sons, Inc. (Dockt. 469)

Defendants maintain that the corrected answers to interrogatories contain false statements, and that Pasqaule Cardullo falsified his verification. These are issues for trial, not motion practice. Therefore, the Court denies Defendants' motion.

### B. Defendants' Motion to Compel and For Sanctions Against Plaintiffs for Submitting Insufficient Interrogatory Responses (Dockt. 410)

Defendants maintain that Plaintiffs' corrected answers to its interrogatories are insufficient and therefore violate the Court's November 19, 2008, Order, which required Plaintiffs to answer, without stating any objections, numerous interrogatories. At issue in this motion are interrogatories numbered 1-2, 4-11, 13-15, and 17, propounded by Defendant John

Burgess on the following seven Plaintiffs: (1) CompSolutions, (2) Gigs, (3) Integrated, (4) JRP, (5) Cardullo, (6) Gilbert, and (7) Handley. (Def.'s Mot. 2; Defs.' Supplement 1.)

To determine whether these answers are insufficient, the Court compared the two versions of the interrogatory answers. It lists both sets of answers for reference in the analysis below. Unless otherwise noted, the original answers and corrected answers refer to answers made by each of the Plaintiffs. In analyzing these interrogatories, the Court observes that Mr. Kehoe has admitted that the previous answers submitted by Mr. Reda were insufficient. Therefore, the Court assesses the sufficiency of the "corrected" interrogatories submitted by Mr. Kehoe against the backdrop of the originally submitted answers.

### 1. Interrogatory No. 1

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 1: Identify each person with knowledge of the facts alleged or asserted in the Second Amended Complaint, indicating the person's present address and telephone number, and with respect to each person describe in detail each such person's knowledge.
>
> *Original Answer*: **Objection.** This interrogatory seeks the same information [that] [Fed. R. Civ. P.] 26(a)(1)(A)(i) requires [P]laintiffs to disclose and which they have disclosed Accordingly, it is unreasonably cumulative or duplicative and is otherwise unduly burdensome and improper under [Fed. R. Civ. P.] 26(b)(2)(C).
>
> Much of the information sought by this interrogatory is in the sole and exclusive possession of defendants, IPA and its affiliates, and their respective agents. [Plaintiff] will supplement its disclosures if and when required by [Fed. R. Civ. P.] 26(e)(1)(A) or otherwise.

> *Corrected Answer*: [Plaintiff] has previously disclosed such persons pursuant to the requirements of Rule 26(a) and incorporates [P]laintiffs' self-executing disclosure by reference herein, as served and as supplemented hereafter as required[2] by Rule 26.[3]

This answer is insufficient. These interrogatory answers are virtually identical to one another.

### 2. Interrogatory No. 2

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 2: Identify any witnesses you expect to testify at trial, indicating the person's present address and telephone number, and state the nature of the testimony to be given and all other information required under the Federal [R]ules [of Civil Procedure] for each witness.

> *Original Answer*: **Objection.** This interrogatory seeks the same information which [Fed. R. Civ. P.] 26(a)(3)(A)(i) requires [P]laintiffs to disclose 30 days before trial or at such other time as the Court specifically orders. Accordingly, it is unreasonably cumulative or duplicative and is otherwise unduly burdensome and improper under [Fed. R. Civ. P.] 26(b)(2)(C).

> By way of further response, [Plaintiff] has not determined who it will call as witnesses at trial, and [Plaintiff] cannot do so without discovery of information in the sole and exclusive possession of [D]efendants, IPA and its affiliates, and their respective agents, and [Plaintiff] will timely comply with the requirements of [Fed. R. Civ. P.] 26(a)(3).[4]

---

[2] The answers of Cardullo, Gilbert, and Handley use the language, "in accordance with" instead of, "required by."

[3] Handley's answer also includes the following phrase: "along with persons identified in Answer No. 17 below."

[4] Gigs' answer contains the added language "or pretrial order."

> *Corrected Answer*: [Plaintiff] has not determined who it will call as
> witnesses at trial and it cannot do so without discovery of
> information in the sole and exclusive possession of [D]efendants,
> IPA and its affiliates, and their respective agents. [Plaintiff] will
> [serve a trial witness list as required by][5] [Fed. R. Civ. P.] 26(a)(3)
> or pretrial order.

This answer is insufficient. These interrogatory answers are virtually identical to one another.

### 3. Interrogatory Nos. 4-5

The following is the quoted language of the interrogatories propounded by Defendant

John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected"

answers (proffered by Mr. Kehoe):

> Interrogatory 4: State in detail (including the time, place,
> location, manner, identity of each individual involved and
> content of) each false statement or false promise [Plaintiff]
> claims was made to it by any of the IPA Companies'
> employees or agents.
>
> *Original Answer*: See answer to Interrogatory 5[.]
>
> *Corrected Answer*: See answer to Interrogatory 5 below[.]
>
> Interrogatory 5: For each statement or promise identified in
> response to Interrogatory No. 4 above, explain in detail how
> it was false, whether [Plaintiff] relied on it (and, if so,
> how), and how it damaged [Plaintiff], if at all.
>
> *Original Answer*: [Omitted.]
>
> *Corrected Answer*: [Omitted.]

These answers are insufficient. The corrected answer to Interrogatory No. 4, which calls for

specific statements, is virtually identical to the previous answer provided. It fails to provide any

---

[5] In the answers of Handley, Gilbert, and Cardullo, the bracketed language is replaced
with the phrase, "timely comply."

specific statement, instead answering the interrogatory by reference to Plaintiffs' answer to Interrogatory No. 5. Because Plaintiffs' fail to answer Interrogatory No. 4 by providing specific statements, it is insufficient.

This failure to adequately answer Interrogatory No. 4 dooms the answer to Interrogatory No. 5, which is too long to quote here. Because Plaintiffs fail to identify any specific statement in Interrogatory No. 4, their answers to Interrogatory No. 5 cannot explain "in detail how [each statement in Interrogatory No. 5] was false, whether [Plaintiff] relied on it (and, if so, how), and how it damaged [Plaintiff], if at all." In any case, the factual forest through which one must hack to find the answers to Interrogatories 4 or 5 is dense with irrelevant brush. There is no trail and the signposts are not well marked. Even an experienced guide and trained forester would have trouble locating any part of the answer relevant to these interrogatories. As a result, Interrogatory No. 5 is insufficient.

### 4. Interrogatory No. 6

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 6: Identify each and every past, present or prospective employee of any of the IPA Companies with whom you have contacted or communicated with regarding the Second Amended Complaint, the allegations set forth therein or anything relating to the IPA Companies or any of their owners, employees or agents.
>
> *Original Answer*: **Objection.** The interrogatory seeks the same information [that] [Fed. R. Civ. P.] 26(a)(1)(A)(I) requires [P]laintiffs to disclose and which they have disclosed. Accordingly, it is unreasonably cumulative or duplicative and is otherwise unduly burdensome and improper under [Fed. R. Civ. P.]

26(b)(2)(c). Moreover, [Plaintiff] has no way of ascertaining whether a person is or was a prospective employee of the IPA Companies.

**Answer.** Subject to and without waiving this objection, [Plaintiff] further responds that, the only employees of IPA with whom it has had any contact are the persons identified in the answer to Interrogatory 5 and various members of IPA's legal department who attempted to intimidate [Plaintiff] into making further payments to IPA.[6]

*Corrected Answer*: [The only employees of IPA with whom [Plaintiff] has had any contact are the persons identified in answer to Interrogatory 5][7] and various members of IPA's legal department who attempted to intimidate [Plaintiff] into making further payments to IPA [as set forth in Answer No. 5 above].[8]

---

[6] Cardullo's original answer is different from the quoted language. Cardullo's original answer states as follows:

> **Objection.** The information sought, save for communications with agents of IPA Companies with whom Cardullo dealt ([t]he persons identified in answer to John Burgess Interrogatory 5: Charlotte Halterman, Ken Breeman, Robert Bratti, Ikenna Ikokwu,) [] is not admissible evidence with respect to any claim or defense in this matter, is not reasonably calculated to lead to the discovery of admissible evidence, and is, therefore, not within the scope of discovery under [Fed. R. Civ. P.] 26(c)(b)(1). Such persons have been identified in Plaintiffs' Amended Rule 26(a)(1) Disclosure and in the answer to John Burgess['] [I]nterrogatory 5 above. Moreover, this information is being sought in bad faith: for the sole purpose of other litigation such as the defamation suit by IPA against Cardullo presently pending in Cook County or litigation by IPA against employees.[]

[7] The corrected answers of JRP, Cardullo, Gilbert, and Handley contain only the bracketed language and nothing else. The remaining Plaintiffs' corrected answers contain this language, as well as the additional language quoted.

[8] This bracketed language applies only to Gigs' corrected answer.

This interrogatory answer is insufficient. Not only does this interrogatory improperly reference another interrogatory answer, but it refers to an *insufficient* interrogatory answer. Therefore, this interrogatory answer is insufficient.

### 5. Interrogatory No. 7

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 7: Identify each and every individual (including, but not limited to, any past, present or prospective employee of any of the IPA Companies) from whom you or your lawyers received any of the IPA Companies' training manuals, employee manuals, contracts, business plans, company files, employee lists or any other company document or record. Identify and describe the document(s) received from each such individual identified in response to this Interrogatory.

> *Original Answer*: **Objection.** The information sought, save for the identity of such documents in [P]laintiffs' possession, is not admissible evidence with respect to any claim or defense in this matter, is not reasonably calculated to lead to the discovery of admissible evidence, and is, therefore, not within the scope of discovery under [Fed. R. Civ. P.] 26(c)(b)(1). Moreover, this information is being sought in bad faith: for the sole purpose of other litigation [by IPA against [Plaintiff] presently pending or which IPA wishes to bring in the Illinois state courts and/or for litigation by IPA against ex-employees for purpose of intimidating and preventing them from testifying against IPA, whether in this or other matters.][9]

> **Answer.** [Such documents have been identified in Plaintiffs' Amended Rule 26(a)(1) Disclosure and other [P]laintiffs have

---

[9] In Cardullo's answer, the bracketed language is replaced by the following: "such as the defamation suit by IPA against Cardullo presently pending in Cook County or litigation by IPA against ex-employees."

served a Rule 34 Response indicating that such documents will be produced.][10]

Subject to and without waiving this objection, [Plaintiff] received the following documents, all of which have been or will be produced to [D]efendants in this matter:

1. [Plaintiff] survey documents generate by BA or by IPA for BA.
2. Statement of Current Financial Condition, for [Plaintiff], by PM or SBC[.]
3. IPA/IBA CS Supply Requisition Form, by PM or SBC[.]
4. Invoice Worksheets for [Plaintiff].
5. IPA Implementation Register for [Plaintiff].
6. Survey Services Business Analyst Training Manual[.]
7. IPA Interview Info (SAM position)[.]
8. Employment Agreement - Consulting Services Department - BC/PM./SPM[.]
9. Various IPA "OP" Forms in Word or Excel[.]

*Corrected Answer*: [Plaintiff] [is informed and][11] believes that [its former conflicted counsel][12] Robert Reda obtained training manuals and various templates used by SBAs, SPMs and SBCs from sources unknown to [Plaintiff] or successor counsel. [Plaintiff] is further informed and believes that Mr. Reda has not turned over all such materials to successor counsel.

This interrogatory answer is insufficient. This interrogatory answer claims that Plaintiffs' previous counsel, Mr. Reda, obtained training manuals and other materials, but punts on the source of these documents. It also claims that Mr. Reda has not turned over these documents. That is not an excuse for failing to answer the interrogatories. If Plaintiffs do not know the

---

[10] Cardullo's original answer stops at this point. Every other Plaintiffs' answer includes the remaining language (and does not include the bracketed language). This paragraph, contained in brackets, appears only in Cardullo's answer; none of the other Plaintiffs' answers contain this language.

[11] This bracketed language appears only in Cardullo's corrected answer.

[12] The bracketed language appears only in the corrected answers of Cardullo, Gilbert, and Handley.

location of, or cannot identify, the documents, they should so state in their interrogatory answers. The Court notes that Mr. Kehoe has never requested that the Court order Mr. Reda to turn over any documents in his possession or custody.

### 6. Interrogatory No. 8

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 8: Identify each and every individual or entity with whom you have communicated with [*sic*] regarding the Second Amended Complaint, the allegations set forth therein or anything relating to the IPA Companies or any of their owners, employees or agents.
>
> *Original Answer*: **Objection:** The information sought, save for the identity of such documents in [P]laintiffs' possession, is not admissible evidence with respect to any claim or defense in this matter, is not reasonably calculated to lead to the discovery of admissible evidence, and is, therefore, not within the scope of discovery under [Fed. R. Civ. P.] 26(c)(b)(1). Moreover, this information is being sought in bad faith: [for the sole purpose of other litigation by IPA against [Plaintiff] presently pending or which IPA wishes to bring in the Illinois state courts.][13]
>
> [**Answer.** All such individuals, to the extent they can be recalled by [Plainitff], are identified in [P]laintiffs' self-executing

---

[13] The bracketed language does not appear in Cardullo's answer, which states the following instead: "for the sole purpose of other litigation such as the defamation suit by IPA against Cardullo presently pending in Cook County or litigation by IPA against ex-employees. Furthermore, Handley, JRP, Integrated, Gigs, and CompSolutions all provide answers that contains the following additional language: "All such individuals, to the extent they can be recalled by [Plaintiff], are identified in [P]laintiffs' self-executing disclosures pursuant to Rule 26(a)(1) and/or in answer to John Burgess['] Interrogatories 5 and 6 above."

- 14 -

disclosures pursuant to Rule 26(a)(1) and/or in answer to John Burgess['] Interrogatories 5 and 6 above.][14]

*Corrected Answer*: All such individuals, to the extent they can be recalled by [Plaintiff], are identified in [P]laintiffs' self-executing disclosures pursuant to Rule 26(a)(1) and/or in answer to John Burgess['] Interrogatories 5 [and 6][15] above.

This answer is insufficient. The corrected interrogatory answer is substantially the same as the previous answer given.

### 7. Interrogatory No. 9

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 9: List the IP addresses (Internet Protocol address[es]) of every computer in the possession or control of [Plaintiff] and any of its owners, employees or agents.
>
> *Original Answer*: **Objection.** The IP addresses of [Plaintiff's] computers, and those of its owners, employees and agents, are not admissible evidence with respect to any claim or defense in this matter, are not reasonably calculated to lead to the discovery of admissible evidence, and are, therefore, not within the scope of discovery under [Fed. R. Civ. P.] 26(c)(b)(1).[16]
>
> *Corrected Answer*: All requested IP addresses have already been divulged on December 2, 2008[,] in [Plaintiff's] Supplemental

---

[14] This bracketed language appears in all Plaintiffs' answers except for Cardullo.

[15] The language in these brackets applies to all Plaintiffs' corrected answers except Handley's.

[16] Cardullo's answer also contains the following language: "Moreover, this information is being sought in bad faith: for the sole purpose of other litigation such as the defamation suit by IPA against Cardullo presently pending in Cook County or litigation by IPA against ex-employees.[]"

> Production Response tendered to Defendants pursuant to
> Magistrate [Judge] Ashman's [O]rder of November 19, 2008.

This answer is insufficient. Claiming that information already has been divulged does not answer

the interrogatory. Because Plaintiffs fail to state the IP addresses in the interrogatory answer, it is

insufficient.

### 8. Interrogatory No. 10

The following is the quoted language of the interrogatory propounded by Defendant John

Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers

(proffered by Mr. Kehoe):

> Interrogatory 10: Describe in detail the conspiracy alleged in the
> Second Amended Complaint, including all facts and evidence in
> support of your contention that Defendant agreed to conduct the
> affairs of an enterprise (and when such an agreement took place),
> that each Defendant agreed to the commission of at least two
> predicate acts, that each Defendant knew that those predicate acts
> were part of a pattern of racketeering activity.
>
> *Original Answer*: [Omitted.]
>
> *Corrected Answer*: [Omitted.]

The original and corrected interrogatory answers given here are too long to quote. This Court,

however, reviewed them and determined that they are virtually identical. Therefore, the corrected

answer given is insufficient.

### 9. Interrogatory No. 11

The following is the quoted language of the interrogatory, Plaintiffs' original answers

(proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 11: Describe in detail each and every "misleading
> accounting stratagem," "materially false and misleading report,"

and "materially misleading mathematical formula" as alleged in Paragraphs 76(c)(ii), 91(c) and 102 of the Second Amended Complaint) that was presented or provided to [Plaintiff] and describe in detail how each such stratagem, report or formula was false or misleading as to [Plaintiff].

*Original Answer*: **Objection.** This interrogatory seeks information which [sic] is the subject of expert testimony, is the discovery required by [Fed. R. Civ. P.] 26(a)(2), and, as such, is unreasonably cumulative and duplicative and unreasonably burdensome.

**Answer.** Subject to and without waiving these objections, to the extent [Plaintiff] can competently answer this interrogatory, it has already done so in response to interrogatory 5 above.

*Corrected Answer*: To the extent [Plaintiff] can competently answer this interrogatory, it has already done so [in response to [I]nterrogatory 5 above.][17] [This interrogatory otherwise calls for expert testimony [that] [Plaintiff] is not competent to provide.][18]

This answer is insufficient. The corrected interrogatory answer is substantially the same as the

previous answer given. Furthermore, it references Plaintiff's answer to Interrogatory No. 5, which

this Court has deemed insufficient.

### 10. Interrogatory No. 13

The following is the quoted language of the interrogatory propounded by Defendant John

Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers

(proffered by Mr. Kehoe):

---

[17] This bracketed language is replaced by, "in Answer No. 5 supra" in the answers of Handley and Gilbert. The word, "above" instead of, "supra" appears in the answers of JRP, Integrated, and CompSolutions.

[18] The bracketed language in Cardullo's corrected answer is replaced by the following: "This interrogatory otherwise calls for expert testimony [that] will be timely disclosed under the requirements of Rule 26(a)."

> Interrogatory 13: State whether [Plaintiff] attempted to cancel its consulting services contract with one of the IPA Companies but was prevented from doing so as alleged in the Second Amended Complaint. If so, describe all efforts made by [Plaintiff] to cancel the contract and describe in detail how Defendants prevented [Plaintiff] from doing so.
>
> *Original Answer*: To the extent [Plaintiff] had difficulty cancelling the contracts, it was detailed in the response to Interrogatory No. 5.[19]
>
> *Corrected Answer*: To the extent [Plaintiff] had difficulty cancelling the contracts, it was detailed in the response to Interrogatory No. 5.[20]

This answer is insufficient. The corrected interrogatory answer is virtually identical to the previous answer provided. Moreover, the Plaintiffs answer this interrogatory by referring to another interrogatory answer the Court already has found insufficient. Thus, this answer is insufficient.

### 11. Interrogatory No. 14

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 14: Please give an itemized account of all losses, expenses or other damages [that] you claim were incurred by you

---

[19] Cardullo's answer states: "Cardullo attempted to cancel its contract with ITA and was prevented from doing so, as described in detail in the answer to John Burgess['] Interrogatory 5 above."

[20] Cardullo's corrected answer reads: "Cardullo's attempted to cancel its contract with ITA and was prevented from doing so, as described in detail in the answer to John Burgess['] Interrogatory 5 above." The corrected answers of CompSolutions, JRP, and Integrated state: "See answer to Interrogatory No. 5." Gigs' corrected answer states: "See Answer No[.] 5 above."

or on your behalf as a result of Defendants as alleged in the Second
Amended Complaint.

*Original Answer*: **Objection.** This interrogatory seeks the same
information which [Fed. R. Civ. P.] 26(a)(1)(A)(iii) requires
[P]laintiffs to disclose and is, therefore, unreasonably cumulative
or duplicative, unduly burdensome and otherwise improper under
[Fed. R. Civ. P.] 26(b)(2)(C). To the extent that [Plaintiff] seeks
consequential damages, this interrogatory calls for information
[that] is the subject of expert testimony, discovery of which is
required by [Fed. R. Civ. P.] 26(a)(2), making this interrogatory
and unreasonably cumulative or duplicative and burdensome.

**Answer.** Subject to and without waiving these objections, the
damages sought by [Plaintiff] include a refund of all monies paid
to the IPA Companies and this amount may be ascertained by the
checks and other business records of [Plaintiff] [that] have been
produced or are available for inspection and [Plaintiff] refers to
such records pursuant to [Fed. R. Civ. P.] 33(d).[21]

*Corrected Answer*: [All of Plaintiffs' corrected answers contain
some form of an itemized list of damages claimed against
Defendants.]

Plaintiffs stated monetary amounts in their corrected answers to this interrogatory. Some

Plaintiffs stated a total amount of damages claimed while others did not. Nevertheless, the

interrogatory called for an itemized list. This Court takes the lists provided by Plaintiffs in their

answer to be the only claimed damages. Therefore, this corrected answer is sufficient.

### 12. Interrogatory No. 15

The following is the quoted language of the interrogatory propounded by Defendant John

Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers

(proffered by Mr. Kehoe):

---

[21] Cardullo's answer contains an itemized list of damages that is too long to quote.

*Interrogatory 15*: With respect to your answer to Interrogatory No. 14 above, explain in detail the basis for the calculation of element of alleged damage and identify all factual bases and evidence supporting each such calculation.

*Original Answer*: **Objection.** [This interrogatory seeks the same information [that] 26(a)(1)(A)(iii) requires [P]laintiffs to disclose and is, therefore, unreasonably cumulative or duplicative, unduly burdensome and otherwise improper under 26(b)(2)(C).][22] To the extent that [Plaintiff] seeks consequential damages, this interrogatory calls for information which is the subject of expert testimony, discovery of which is required by [Fed. R. Civ. P.] 26(a)(2), making this interrogatory and [*sic*] unreasonably cumulative or duplicative and burdensome.

[**Answer.** The damages sought by [Plaintiff] include a refund of all monies paid to the IPA Companies and this amount may be ascertained by the checks and other business records of [Plaintiff] [that] have been produced or are available for inspection and [Plaintiff] refers to such records pursuant to [Fed. R. Civ. P.] 33(d).][23]

*Corrected Answer*: See [a]nswer to [I]nterrogatory No. 14.[24]

This answer is insufficient. The corrected interrogatory answer is virtually identical to the previous answer provided. Moreover, some Plaintiffs answer this interrogatory by referring to

---

[22] The language contained in these brackets was the additional language in Cardullo's answer. None of the other Plaintiffs' answers contain this language.

[23] In Cardullo's answer, the bracketed language is replaced by the following: "Subject to and without waving this objection, Cardullo incorporates by reference herein its answers to John Burgess['] Interrogatory No. 14."

[24] Other shortened versions of this corrected answer, such as "See [a]nswer No. 14," exist but are not worth recounting here. Cardullo's corrected answer states: "See answer to John Burgess['] interrogatory 5 for an explanation of each item of damage listed in the answer to John Burgess['] interrogatory 14." JRP's corrected answer states: "The damages sought by JRP include restitution of all monies paid to the IPA Companies and this amount may be ascertained by the checks and other business records of JRP [that] have been produced or are available for inspection and JRP refers to such records pursuant to [Fed. R. Civ. P.] 33(d)."

another interrogatory answer the Court already has found insufficient. Furthermore, none of Plaintiffs' answers "explain in detail the basis for the[ir] damages" or explain the factual or evidentiary basis for their calculations. Thus, this answer is insufficient.

### 13. Interrogatory No. 17

The following is the quoted language of the interrogatory propounded by Defendant John Burgess, Plaintiffs' original answers (proffered by Mr. Reda), and Plaintiffs' "corrected" answers (proffered by Mr. Kehoe):

> Interrogatory 17: Identify each and every employee, officer and/or agent (including any banker, accountant or attorney) of [Plaintiff] that was involved with the transaction alleged in the Second Amended Complaint between [Plaintiff] and any of IPA Companies, or that in any way interacted with an employee or agent of the IPA Companies. With respect to each such individual, describe in detail his or her involvement in the transaction or interaction.
>
> *Original Answer*: [**Objection.** This interrogatory seeks information which [Fed. R. Civ. P.] 26(a)(1)(A)(i) requires [P]laintiffs to disclose and which they have disclosed. Accordingly, it is unreasonably cumulative or duplicative and is otherwise unduly burdensome and improper under [Fed. R. Civ. P.] 26(b)(2)(C).][25]
>
> **Answer.** All such individuals may be ascertained by ascertained [*sic*] from the documents generated by the transaction, which have been produced or are available for inspection, and [Plaintiff] refers to such records pursuant to [Fed. R. Civ. P.] 33(d). Subject to and without waiving these objections, [Plaintiff] has provided the information sought in response to interrogatory 5 above.[26]

---

[25] Only Cardullo's answer contains this objection.

[26] Cardullo's answer, aside from its objection, includes only this last sentence. The preceding sentence does not appear in its answer.

*Corrected Answer*:
[This answer has been omitted because the majority of Plaintiffs'
answers merely refer to their answers to Interrogatory No. 5,
which, as noted before, is insufficient. Two Plaintiffs, Cardullo and
Handley, do list individuals by name but otherwise do not describe
the details surrounding their involvement in the transaction alleged
in the Second Amended Complaint. Instead, they also answer this
Interrogatory by referring to their answers in Interrogatory No. 5 or
"disclosure under Rule 26(a)."]

Because every Plaintiff except Cardullo and Handley answer this interrogatory by referring to

their answers to Interrogatory No. 5, which the Court has found to be insufficient, their answers

to this interrogatory are insufficient as well. Furthermore, while Cardullo and Handley do provide

some new information in their corrected answers to Interrogatory No. 17, they do not do so in

sufficient detail. Plaintiffs must describe the individuals' involvement with each stated action in

their answers to Interrogatory No. 17. They cannot eschew this task by providing an individual's

name and then complete their answers by referencing either an insufficient interrogatory answer

or their automatic disclosures.

In sum, the majority of changes to Plaintiffs' answers that exist are merely rewording of

the previous interrogatory answers, which Mr. Kehoe has admitted were insufficient. Nearly all

of these interrogatory answers are insufficient and therefore violate this Court's November 19,

2008, Order. Therefore, the Court grants in part and denies in part Defendants' motion.


**C.    Defendants' Motion for Sanctions Against Plaintiffs for Failure
to Answer Interrogatories in Violation of Court Orders (Dockt. 446)**

In ruling on this motion, the Court notes Plaintiffs filed nearly all of their motions for

extensions on, a day before, or even after the day on which the answers to interrogatories were

due. Mr. Kehoe repeatedly represented to the Court that he could complete his answers to Defendants' interrogatories by certain dates. One on occasion, Mr. Kehoe even agreed with the Court that the extension date was final, but then filed a request for extension of time the day before the last day stated in the Court's order granting the extension.

All of these representations were false, and the Court finds that Mr. Kehoe made some or all of these in bad faith. During the February 13, 2009, hearing, Mr. Kehoe admitted that he asked for several extensions of time knowing he could not complete the answers to the interrogatories:

> THE COURT: What could I do if you have not completed this by February 18th? What do you want me to do, give you more time?
>
> (Pause.)
>
> MR. KEHOE: I can only tell you, Judge, that I intend to get everything done.
>
> THE COURT: Your intentions have been proven to be worthless. You intended December 31. You intended . . . the end of January. You intended February 4. How can I trust your intentions? You won't tell me that that's the end, will you?
>
> MR. KEHOE: Well, I will, Judge. I will tell you that's the end. That was – It was my intention as I say, my intention to come in and it would be the end next Tuesday. But I will tell you that Wednesday, which is what I've asked for, is the end.
>
> . . . .
>
> MR. KEHOE: Judge, the short extensions were requested because there was such incredible pressure not to give time in this case. I would have asked for 60 days or 30 days if I could have. But I couldn't. There wasn't – I even alluded to that fact, that if I asked for more time you . . . [p]robably wouldn't have allowed it. I had to get the time I had to get.

(Tr. of Hearing on Feb. 13, 2009 at 10-12.) Mr. Kehoe repeatedly asked for short extensions of time knowing he could not comply with the Court's orders by the date that he requested. He knew that, on or before the requested date, he would have to request another short extension of time. Mr. Kehoe apparently hoped that he could accumulate a number of small extensions that would equal in time the large extension he knew this Court likely would not grant. Mr. Kehoe clearly sought these extensions in bad faith. He repeatedly misrepresented to the Court that he could complete the interrogatory answers by certain dates. His explanation that "[he] had to get the time [he] had to get" is insufficient to justify his conduct.

While repeatedly informing Mr. Kehoe that he needed to complete the interrogatory responses and stop complaining about Defendants' motion practice, the Court, based on Mr. Kehoe's misrepresentations, granted his six requests for extensions of time to answer these interrogatories. These misrepresentations end today. While the court denies this motion, it imposes a final date for submitting interrogatory answers at the conclusion of this Opinion. This Court will not grant any further extensions for any reason. Failure to answer appropriately will result in this Court recommending that the district judge impose sanctions on Plaintiffs, which may severely impact the ability of some or all of Plaintiffs to proceed with their claims.

### D. Defendants' Motion for Plaintiffs' Violation of the Court's November 19, 2008, Order (Dockt. 355, 376)

Defendants argue in their motion that Plaintiffs failed to comply with the Court's November 19, 2008, Order. They claim that Plaintiffs have habitually ignored or violated Court

orders requiring them to answer interrogatories and produce documents. The Court already has addressed these matters in this Opinion and will not do so again in this section.

Nevertheless, the Court does not understand why Plaintiffs spend the majority of their response to Defendants' motion making unverified claims about Defendants activities that are the subject of this lawsuit. These claims are not excuses for failing to comply with the Court's orders. Plaintiffs have not fully responded to, nor have they requested any protective order regarding, nearly all of these interrogatories. Instead, they simply state in hyperbolic terms the conduct in which they *believe* Defendants engaged. Those assertions, of course, go to the heart of the action of the case, but they have no bearing on whether they complied with the Court's November 19, 2008, Order. Therefore, the Court finds that Plaintiffs' violated the Court's November 19, 2008, Order.

The Court also admonishes Mr. Kehoe in this Opinion, as it has done before in open court, for his use of invective. There are many reasons for calling law a "profession." Chief among them is that the law demands professional conduct of its stewards. This important point is not lost upon the profession generally: lawyers have created their own ethics code by which they must abide and be adjudged. Beyond this code, however, exist principles of civility for which each lawyer always should strive. Mr. Kehoe seems to strive to use unnecessary, degrading, and often inapt language. Such vituperation not only distracts the Court from the issues, but it discredits the lawyer who employs these tools of unprofessionalism.

**E.     Defendants' Fee Petition in Connection with the Court's February 13, 2009, Order**

As previously mentioned, on February 13, 2009, the Court granted Defendants leave to file a petition for attorneys' fees incurred in preparing and presenting motions and responses with regard to the timing of Plaintiffs' answers to interrogatories, or with regard to Plaintiffs' requests for extension of time to answer the interrogatories. Defendants' counsel submitted a fee petition on March 4, 2009 (Dockt. 475). Defendants' counsel included in this fee petition an affidavit of the billing attorney that stated his qualifications and hourly rates. (Defs.' Pet. 2., Ex. A.) Defendants' counsel also attached an itemized list of the time spent on this matter. (*Id.*) In all, Defendants' counsel requested $12,750.00 in fees as a "result of Plaintiffs' . . . requests for extension of time to respond to interrogatories." (Defs.' Pet. 2.)

Instead of contesting the amount in the fee petition, Plaintiffs argue that "[D]efendants seek compensation for behavior [that] was . . . vexatious and improper." (Pls.' Resp. 6.) As a result, "Plaintiffs demand a full evidentiary hearing pursuant to [FED. R. CIV. P.] 37(a)(5)" ("Rule 37(a)(5)"). (Pls.' Resp. 6.) Although the Court imposed sanctions on Mr. Kehoe under Rule 37 for the numerous extensions he previously had sought, FED. R. CIV. P. 37(a)(5) (stating that, "[i]f the [discovery] motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney[s'] fees"), that Rule does not work in his favor. Rule 37(a)(5) prohibits the court from ordering payment of expenses in any of the following three circumstances:

> (i) the movant filed the motion before attempting in good faith to
> obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5). None of these grounds for prohibiting a fee award apply, and Plaintiffs do not argue that any of them do. Instead, they advocate for this Court to hold an "evidentiary hearing" on the basis of Rule 37(a)(5). But Rule 37 does not, either by its text or under the Seventh Circuit's interpretation, require an evidentiary hearing.[27] *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997) ("We have explained in the past that Rule 37 requires no evidentiary hearing, and that none would be warranted where the briefs and affidavits fully recount the circumstances surrounding the noncompliance with the court's order.") At most, it requires that the court give the party opposing the motion "an opportunity to be heard." That opportunity has come and gone, both in open court and in Plaintiffs' brief, without a valid argument as to the sanction or any argument as to the amount of the sanction. For these reasons, the Court grants Defendants' fee petition in the amount requested.

## III.  Conclusion

### A.     Defendants' Motion to Strike the Interrogatories and False Verification Submitted by Plaintiff John Cardullo & Sons, Inc. (Dockt. 469)

The Court denies Defendants' Motion to Strike the Interrogatories and False Verification Submitted by Plaintiff John Cardullo & Sons, Inc.

---

[27] To make matters worse for Plaintiffs, they do not cite any legal authority to support their demand for an evidentiary hearing.

**B.     Defendants' Motion to Compel and For Sanctions Against Plaintiffs for Submitting Insufficient Interrogatory Responses (Dockt. 410)**

The court grants in part and denies in part Defendants' Motion to Compel and For Sanctions Against Plaintiffs for Submitting Insufficient Interrogatory Responses, and orders the following:

1.     With respect to CompSolutions, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

2.     With respect to Gigs, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

3.     With respect to Integrated, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

4.     With respect to JRP, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

5.     With respect to Cardullo, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

6. With respect to Gilbert, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

7. With respect to Handley, this Court grants Defendants' motion as to interrogatory answers numbered 1-2, 4-11, 13, 15, and 17. It denies Defendants' motion with respect to interrogatory answer numbered 14.

### C. Defendants' Motion for Sanctions Against Plaintiffs for Failure to Answer Interrogatories in Violation of Court Orders (Dockt. 446)

As to Defendants' Motion for Sanctions Against Plaintiffs for Failure to Answer Interrogatories in Violation of Court Orders, the Court orders the following:

1. The Court denies Defendants' motion without prejudice, thereby giving Plaintiffs one last opportunity to respond appropriately, as stated in Conclusion D(2).

### D. Defendants' Motion for Plaintiffs' Violation of the Court's November 19, 2008, Order (Dockt. 355, 376)

As to Defendants' Motion for Plaintiffs' Violation of the November 19, 2008, Court Order, the Court orders the following:

1. The Court grants Defendants' Motion for Plaintiffs' Violation of the Court's November 19, 2008, Order.

2. Within twenty-one days Plaintiffs must answer and deliver all missing items and relevant documents that are listed in Exhibit A to Defendants' motion, or file a declaration, under oath, that they have made a diligent search and they do not have the missing items.

3.      For any plaintiff who is the officer, director, or managing agent of a corporation,

Plaintiffs do not have to turn over the tax information for those individuals so long as the

information is derived from their capacity as an officer, director, or managing agent of a

corporation. Plaintiffs do not have to turn over the personal tax information for these individuals.

Personal tax information should be turned over only where any Plaintiffs are single

proprietorships or partnerships.

**E.      Defendants' Fee Petition in Connection with the Court's February 13, 2009, Order (Dockt. 475).**

The Court <u>grants</u> Defendants' Fee Petition in Connection with the Court's February 13,

2009, Order in the amount of <u>$12,750.00</u>. Plaintiffs must pay this sanction to Mr. Cherry within

thirty days. The Court <u>denies</u> Plaintiffs' request for an evidentiary hearing.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: May 7, 2009.