**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMARI COMPANY, INC., *et al.* ) | |
| ) | No. 07 CV 1425 |
| Plaintiffs, ) | |
| ) | The Hon. Elaine Bucklo |
| v. ) | |
| ) | Mag. Martin C. Ashman |
| JOHN BURGESS, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
RECONSIDERATION OF DOCS 941 AND 942**

NOW COMES the Defendants, John R. Burgess, et al., by their attorney, Ronald L. Bell, Ronald L. Bell and Associates, P.C., and for their Response to Plaintiffs' Motion for Reconsideration of Docs 941 and 942, respectfully states as follows:

**INTRODUCTION**

Plaintiffs' Motion to Reconsider fails to introduce any statutory basis for reconsideration and argues nothing remotely close to a sufficient reason for doing so. Furthermore, Plaintiffs' Motion to Reconsider is untimely under Rule 59(e) and does not fall into any of the categories that allowing relief under Rule 60(b). Therefore, Plaintiffs' Motion for Reconsideration should be denied.

**ARGUMENT**

I. **RULE 59(e) FAILS TO STATE A STATUTORY BASIS THAT ALLOWS FOR RECONSIDERATION OF THE COURT'S DECISION TO GRANT PARTIAL SUMMARY JUDGMENT OF THE CONSPIRACY COUNT.**

Plaintiffs fail to state a valid and sufficient basis for granting their Motion for Reconsideration of this Courts dismissal of Count II 1962(d) claim. Plaintiffs' Motion for Reconsideration is well beyond the twenty-eight day filing deadline for such motions found in Rule 59(e).

Rule 59(e) states as follows:

> **Motion to Alter or Amend a Judgment**. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e)

On July 11, 2011, the Court ordered partial summary judgment dismissing Plaintiffs' 1962(d) conspiracy claim. (Doc 941, 942) To make a motion to reconsider under Rule 59(e), Plaintiffs must have filed a motion twenty-eight days after the order. Plaintiffs have failed to do so. It has now been sixty-six days since the Court ordered partial summary judgment; well beyond the deadline.

Therefore, the Court must deny a Motion to Reconsider under Rule 59(e).

II. **THE PLAINTIFFS' CLAIM ALSO FAILS UNDER RULE 60(b) BECAUSE IT DOES NOT MEET THE STRINGENT REQUIREMENTS.**

When a claim fails to fall under Rule 59(e)'s time requirements, the Motion must be construed as one pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiffs fail to meet the stringent requirements of Rule 60(b).

Rule 60(b) states as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Id.* Plaintiffs claim it was Court error to dismiss that 1962(c) claim. The Court stated that the Plaintiffs failed to point the Court to any evidence that showed an agreement was reached by the dismissed Defendants. However, Plaintiffs allege that they did, indeed, point to said evidence. This reason does not fall into any of the above categories, including the catch-all provision of Rule 60(b)(6).

The appellate court in *Van Skiver* noted that the trial court "properly recognized that revisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." *Id.* Likewise, Plaintiffs in this case have introduced Nancy Miller's testimony and Ken Sweet's memo to this Court on previous occasions; neither presents

3

new evidence as is required. (Doc 931 - 4) The Court was apprised of all the facts and arguments submitted by Plaintiffs in their response to Defendants' Motion for Summary Judgment when making its decision to dismiss Count II (1962(d)) of Plaintiffs' Complaint and Defendants Kalomiris, Sweet, and Owen. (Doc 931 - 4)

Therefore, due to Plaintiffs failure to meet the requirements of Rule 59(e) and the even more stringent requirements Rule 60(b), Plaintiffs' Motion for Reconsideration should be denied.

**WHEREFORE**, Defendants respectfully request that this Court deny the Plaintiffs' Motion for Reconsideration of Docs 931 and 942.

                                                 Respectfully submitted,

                                                 By: /s/ Ronald L. Bell_____
                                                 Ronald L. Bell
                                                 rlbelllawyer@aol.com

                                                 /s/ *Christopher A. Harris*_____
                                                 Christopher A. Harris
                                                 Christopher.Harris@clientsrv.com

                                                 /s/ *Courtney A. Cloutier*_____
                                                 Courtney A. Cloutier
                                                 Courtney.Cloutier@clientsrv.com

Attorneys for Defendants
Ronald L. Bell & Associates, P.C.
1275 Barclay Boulevard, Suite 100
Buffalo Grove, Illinois 60089
Telephone: (847) 495-6000
Facsimile: (847) 495-6001
Attorney Code: 03126822

5