## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1425 | **DATE** | 10/26/2011 |
| **CASE TITLE** | Amari, et al. Vs. Burges, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion [948] to clarify is denied, except to the extent that it seeks a ruling that there is no genuine, material dispute on the issue of IPA's insurance coverage. Defendants' motion [950] for entry of judgment pursuant to Rule 54(b) is denied. Plaintiffs' motion [964] to amend the complaint is denied. Plaintiffs' motion [965] for reconsideration of my dismissal of count II is also denied.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

　　Defendants' motion [948] to clarify is denied, except to the extent that it seeks a ruling that there is no genuine, material dispute on the issue of IPA's insurance coverage. Plaintiff does not assert that any plaintiff sought to avail itself of any protection it was purportedly misled into believing it had under IPA's insurance policy. Plaintiffs make much of the statement in IPA's form contract (and similar representations by IPA employees), that "[a]ll IPA staff, without exception, are under contract with IPA and bonded to the extent of $2,000,000 for the protection of the client," apparently on the theory that they relied upon this statement as a guarantee of IPA's "integrity," "reputation," and "financial strength," and against "dishonesty" by its employees. E.g., Kao Decl., Pl.'s SOF, Exh. 13 [DN 933-16], ¶ 5.A. But even assuming–generously–that such reliance would be reasonable based on the statements in question, plaintiffs' theory is undermined by their apparent acknowledgment that they understood IPA's insurance to cover losses arising out of the "improper disclosure or misuse of financial information supplied to IPA personnel." *Id*. Plaintiffs' claims here are for violations of RICO based on mail and wire fraud; not for losses resulting from improper disclosure or use of plaintiffs' financial information. Any dispute about whether IPA did, or did not, have the coverage it represented is simply not material to their claims, and it does not make sense for either the parties or me to devote further resources to this issue.

　　Defendants' motion [950] for entry of judgment pursuant to Rule 54(b) is denied. Defendants have cited no authority to persuade me that entry of a final judgment against the dismissed defendants is appropriate at this stage, and I decline to do so as a matter of "housekeeping."

　　Plaintiffs' motion [964] to amend the complaint is denied. As I have stated in previous orders, my order [381] of January 22, 2009, explicitly granted plaintiffs leave to file the third amended complaint that was attached to their motion [314] for leave to file, not some other hypothetical complaint. After noting "the difficulty and frustration that any counsel for defendants feels in trying to deal with a moving target," as well as the drain on judicial resources of having to "examine, and reexamine, lengthy complaints, and motions dealing with them," I stated unequivocally that the proposed third amended complaint was to be the "final complaint in this case."

**STATEMENT**

Order [381] of January 22, 2009. Once leave was granted, all plaintiffs needed to do was to file the document attached to their motion [314] as the Third Amended Complaint, which would then have been reflected as such in an independent entry on the docket. Instead, they proceeded vis-a-vis defendants and in hearings before the magistrate judge as if they intended to file some other, further revised, "third amended complaint." When they had not done so by July of 2009, defendants moved to strike the third amended complaint that was attached to plaintiffs' motion [314] for leave, which my order [381] had allowed them to file. I initially denied the motion to strike, expressing the view that the third amended complaint had effectively been filed on November 20, 2008 as exhibit 1 of plaintiffs' motion [314] for leave. Order [590] of July 21, 2009. It later became clear, however, that the parties did not understand the third amended complaint to have been filed at that time. In response [599] to my order [594] of July 24, 2009, asking plaintiffs to explain why the third amended complaint that I had granted them leave to file had not, in their view, been filed, plaintiffs misrepresented that I had required them to file a different complaint (including detailed schedules), and blamed defendants and the magistrate judge for their failure to file what they apparently intended to file as this third amended complaint. I expressed my confusion as to how plaintiffs could have interpreted my order [381] granting leave to file the *specific* document attached to their motion [314] for leave (and further stating that that document would be the "final complaint" in the case) as leave to file some other, unseen complaint at some unspecified point in the future, much less as a mandate to file a complaint including detailed schedules. Order [607] of August 10, 2009. Nevertheless, I acceded to plaintiffs' belief that the complaint I had granted them leave to file back in January never became the operative complaint. *Id*. Indeed, the parties proceeded from that point on, through and including their briefing of defendants' March 18, 2011, motion [869] for summary judgment, on the Second Amended Complaint, and at no point did plaintiffs raise the issue of whether the counts of that complaint named the appropriate defendants.

While I am not insensitive to plaintiffs' argument, now, that their previous counsel's decision to name different defendants in counts I and II of the Second Amended Complaint is questionable, I note that the attorney now moving for leave to amend the complaint is the same attorney who chose not to proceed on the third amended that I granted leave to file back in January of 2009, and who presumably was aware of the consequences of proceeding on the Second Amended Complaint, including that not all defendants were named in each of the two counts. The parties have insisted on litigating this case in a completely unmanageable fashion, and already, over two years ago, I noted that "[t]his case has generated more briefs, paper and time for both lawyers and two judges than makes sense for the progress in this case," and that "it would not be a good use of judicial or counsel resources at this stage to again amend the pleadings." Order [607] of August 10, 2009. The situation has only worsened since then. Although plaintiffs argue that evidence developed in discovery supports the assertion of both their § 1962(c) claim and their (now dismissed) § 1962(d) claim against all defendants, they do not go so far as to suggest that the complaint could proceed as amended without the need for additional discovery. Enough is enough. Contrary to plaintiffs' argument, this is not a case in which "one misstep by counsel" will have determined the outcome of the case. To excuse the plaintiffs from reaping the consequences of the confusion they have sown (though far from single-handedly) throughout this litigation would merely cause this action to spin further out of control.

Finally, plaintiffs' motion [965] for reconsideration of my dismissal of count II is denied. Plaintiffs acknowledge that reconsideration is appropriate only to correct "manifest errors of law," *Conway Corp. v. Ahlemeyer*, 754 F. Supp. 604, 606 (N.D. Ill. 1991), which they claim I have committed in dismissing their RICO conspiracy claim. As I noted in my summary judgment opinion, plaintiffs' entire discussion of this claim was contained in a single paragraph, did not identify any evidence of an agreement by anyone, and cited only one case, *Damato v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 878 F. Supp. 1156 (N.D. Ill. 1995), which clearly did not support their theory of liability. That theory, in plaintiffs' words, is that the defendants named in count II are liable for a RICO conspiracy because they "sat at the top of [a] pyramid of filed (sic) and office employees who perpetrated the sales scheme which they conceived and controlled." Plaintiffs have now filed additional authority and hundreds of heretofore unidentified pages of the record which they claim support a § 1962(d) claim (as well as a § 1962(c) claim against the defendants the Second Amended Complaint does not name in that

**STATEMENT**

count). Even assuming that these items might have influenced my § 1962(d) analysis on summary judgment–though it is far from clear that they would have changed the outcome–the time to identify them was while that motion was pending, not after it has been decided.